IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01295-LTB-CBS

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Ameriquest Mortgage Securities, Inc. under Pooling and Servicing Agreement dated March 1, 2005,
    Plaintiff,
v.

CLYTIE DANIEL,
SUNSHINE SERVICES, LLC, an Alleged New Mexico Limited Liability Company, and DANIEL FAMILY TRUST,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Duetsche Bank National Trust Company's ("Deutsche Bank") "Motion for Order Remanding Action to State Court" (filed June 27, 2007) (doc. # 5). Pursuant to the Order of Reference dated June 20, 2007 (doc. # 4) and the memorandum dated June 16, 2007 (doc. # 6), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Ms. Daniel's response (filed July 3, 2007) (doc. # 8), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    This civil action arose out of a loan Ms. Daniel obtained from Deutsche Bank's predecessor in September 2004. (*See* doc. # 5-3 at pp. 9-11 of 56). Ms. Daniel secured repayment of her obligation on the loan with a deed of trust on real property located at Lot 74, Pine Park Estates, Unit 3, County of Jefferson, State of Colorado, commonly known as 6427 South High Drive, Morrison, Colorado. (*See* Amended Complaint (doc. # 5-3 at pp. 4, 12 of 56)). Ms. Daniel has defaulted on her obligations under the loan. A Public Trustee's foreclosure sale was conducted on January 10, 2007 pursuant to Colorado law.

Deutsche Bank was the successful bidder.

In 2006, Deutsche Bank filed a complaint, Case No. 2006CV4058, in the District Court for the County of Jefferson, Colorado. Deutsche Bank filed its Amended Complaint in the Jefferson County action on March 7, 2007. (*See* doc. # 5-3 at p. 3 of 56). Deutsche Bank alleged that the Defendants had engaged in a scheme to defraud Deutsche Bank and its predecessor. (*See* doc. # 5-3 at p. 5 of 56). Deutsche Bank sought quiet title, judicial foreclosure, appointment of a receiver, monetary damages, and declaratory relief. (*See* doc. # 5-3 at pp. 5-7 of 56). A trial was conducted and concluded in the Jefferson County action on June 20, 2007. Ms. Daniel failed to appear for the trial. However, on June 19, 2007, Ms. Daniel filed her "Notice of Petition and Verified Petition for Warrant of Removal and Preliminary Injunction" (doc. # 1) and this civil action was removed to federal court. Defendants have moved pursuant to 28 U.S.C. § 1447 for remand to Jefferson County District Court.

II.     Standard of Review

A civil action is removable only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). "This jurisdictional prerequisite to removal is an absolute, non-waivable requirement." *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (internal quotation marks and citation omitted).

Remand is authorized only when there is a defect in the removal procedure under § 1447(a) or if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). *See also Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) ("The two categories of remand within § 1447(c), . . . are remands for lack of subject matter jurisdiction and for defects in removal procedure"); *Kennedy v. Lubar*, 273 F.3d 1293, 1297 (10th Cir. 2001) ("Section 1447(c) specifically allows district courts to order remand if there has been a defect in removal procedure, or if it determines, at any time prior to final judgment, that it lacks

subject matter jurisdiction") (internal quotation marks omitted).

As the party invoking federal jurisdiction, Ms. Daniel bears "the burden of proving that federal jurisdiction is proper." *Plog v. Colorado Assn. of Soil Conservation Districts*, 841 F. Supp. 350, 351 (D. Colo. 1993). *See also Baby C v. Price*, 138 Fed. Appx. 81 (10th Cir. 2005) ("[t]he removing party has the burden to demonstrate the appropriateness of removal from state to federal court") (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Because federal removal jurisdiction is statutory in nature, it is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) ("[A]ll doubts are to be resolved against removal."); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995) (presumption is "against removal jurisdiction").

III. Analysis

Defendants move pursuant to 28 U.S.C. § 1447(c) for remand to Jefferson County District Court based on defects in the removal procedure and lack of subject matter jurisdiction.

1. Defects in Removal Procedure

Deutsche Bank has not sufficiently explained its arguments regarding defects in the removal procedure. For example, Deutsche Bank does not explain how Ms. Daniel failed to timely file a notice of removal. Nevertheless, the court notes that there were defects in the removal procedure. First, Ms. Daniel failed to comply with the requirements of 28 U.S.C. § 1446(a) that a notice of removal include "a copy of all process, pleadings, and orders served upon such defendant." Ms. Daniel filed only a "Notice of Petition . . . ," Memorandum, and Notice of Appearance. (*See* docs. # 1-3). A copy of the state court Amended Complaint has been provided by Deutsche Bank. (*See* doc. # 5-3 at p. 3 of 56). Further, the court notes that "removal requires the consent of all of the defendants." *Wisc.*

*Dept. of Corr. v. Schacht*, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring). *See also Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) (co-defendant's failure to join in petition for removal rendered petition procedurally defective); § 1441(a), § 1446(a). Ms. Daniel's "Notice of Petition" fails to identify the other Defendants. The failure of all Defendants to join in the removal renders it procedurally defective. *See Sheet Metal Workers Int'l. Assn. v. Seay*, 693 F.2d 1000, 1005 n. 8 (10th Cir. 1982) (lack of unanimous consent is a procedural defect), *reh'g denied and opinion modified on other grounds*, 696 F. 2d 780 (10th Cir. 1983).

2.   Subject Matter Jurisdiction

In her "Petition for Removal," Ms. Daniel alleged that this civil action was removable

> for the express vindication of his civil and constitutional rights, as well as the reciprocal rights of his minor children, and for various damages of awards for general malfeasance and federal torts committed by the Respondent and collateral parties to the instant state action including but not limited to: numerous violations of civil and constitutional rights; interference with visitation and custody of minor children; interference with strict parental rights; abuse and neglect thrusted upon the minor children, and conspiracies to conceal and shelter the same; real estate fraud; general fraud; child support fraud; refusals to obey mandatory requirements under conflicts of interest and other state laws; equal custody rights; sheltering of the Respondent's criminally violent attacks against this Petitioner; multiple illegal evictions performed against this Petitioner and his minor children; threats; intimidation; abuses of power; and other associated manifest injustices committed by the Respondent and certain collateral parties to the instant state action.

(*See* doc. # 2 at pp. 4-5). The court does not perceive how Ms. Daniel's allegations apply to this action. For example, this action does not involve minor children, child custody, or child support issues.[1]

Ms. Daniel further argues that her "Petition for Removal alleges both Diversity and

---

[1] Further, while the "Memorandum in Support of Petition for Removal" uses the pronoun "he" to refer to Ms. Daniel, Ms. Daniel has stated elsewhere that she is a "real woman." ("Objection and Petition to Strike Respondent's Motion for Order Remanding Action to State Court" (doc. # 8) at p. 1).

4

a Federal Question." (*See* Ms. Daniel's response (doc. # 8)).  In order to establish federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A "case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."  *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).  *See also Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1236 (10th Cir. 2003) ("It is well settled that '[a] defense that raises a federal question is inadequate to confer federal jurisdiction.' ") (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).  The face of the Amended Complaint (*see* doc. # 5-3 at p. 3 of 56) does not present a federal question.  The Amended Complaint presents only state law claims for Quiet Title, Judicial Foreclosure of a First Deed of Trust, Appointment of a Receiver, Damages for Breach of a Promissory Note, and Declaratory Relief that the Public Trustee's Foreclosure Sale is valid.  (*See* Amended Complaint (doc. # 5-3) at pp. 3 of 56).

Nor has Ms. Daniel demonstrated jurisdiction based on diversity of citizenship.  Diversity cases are subject to removal restrictions pursuant to 28 U.S.C. § 1441(b), which prohibits removal if any proper defendant is a citizen of the state in which the action was brought.  *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 126 S.Ct. 606, 610 (2005) ("When federal-court jurisdiction is predicated on the parties' diversity of citizenship, . . . removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought.'") (citation omitted).  Ms. Daniel, a Defendant in the Amended Complaint, is a citizen of the State of Colorado., in which this action was brought.

Based on procedural defects and lack of subject matter jurisdiction in federal court, this civil action is properly remanded to the Jefferson County District Court.

Accordingly, IT IS RECOMMENDED that:

1.      Duetsche Bank National Trust Company's "Motion for Order Remanding Action to State Court" (filed June 27, 2007) (doc. # 5) be GRANTED based on defects in the removal procedure and lack of subject matter jurisdiction and that this civil action be REMANDED to the Jefferson County District Court.

2.      Should this action be remanded, a certified copy of the order of remand shall be mailed by the Clerk of the Court to the Clerk of the Jefferson County District Court. *See* 28 U.S.C. § 1447(c).

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make

timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 27th day of July, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge